■ The People of the State of New York, Respondent, v. Americo Lluveras, Appellant.— Judgment convicting defendant after trial of three counts of robbery in the first degree unanimously affirmed. Defendant argues he was incapable of making his defense because of "idiocy, imbecility, lunacy, or insanity" (Penal Law, § 1120). He testified in his own behalf. Implicit in the trial court's rulings is the finding that there was no reasonable ground for believing the defendant's assertion of insanity and consequent inability to defend. During the trial, at the direction of the court, a psychiatric examination of defendant was attempted. Defendant was uncommunicative and the report therefore was that continuous observation of him over a period of time was necessary in order to make a diagnosis. A presentence examination resulted in the medical opinion that defendant was not in such a state of "idiocy, imbecility or insanity as to be incapable * * * of making his defense." The said medical reports are not part of the trial record. However, on this court's motion, the medical reports were submitted to defendant's counsel and have been considered by this court together with the comments of defendant's counsel thereon (cf. *People* v. *Hawa*, 15 A D 2d 740; *People* v. *Wilson*, 16 A D 2d 207). In the circumstances we conclude it was well within the discretion of the trial court to proceed with the trial and not to direct a statutory proceeding under section 658 *et seq.* of the Code of Criminal Procedure. (*People* v. *Esposito*, 287 N. Y. 389.) Defendant also alleges error in the trial court's refusal to permit defendant's counsel to inspect the pretrial statement of Sease. The statement was submitted to defendant's counsel by our direction and he stated he had no comment thereon. The statement of Sease is not inconsistent with his testimony and the denial of its inspection by defendant during the trial was in accord with *People* v. *Walsh* (262 N. Y. 140). After the trial of this case, *People* v. *Rosario* (9 N Y 2d 286) enlarged a defendant's right of inspection as to such a statement by dispensing with the showing of its variance with the testimony of the witness. The record establishes defendant's guilt beyond a reasonable doubt and our examination of the statement leads us to conclude the omission to make it available to defendant during the trial was not prejudicial and does not require a reversal. (Code Crim. Pro., § 542; *People* v. *Rosario, supra*; *People* v. *Hernandez*, 10 N Y 2d 774; *People* v. *Turner*, 10 N Y 2d 839.) We have examined the other errors urged by defendant and find them without substance. Concur — Rabin, J. P., McNally, Stevens, Steuer and Bastow, JJ.